## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| EBRO FOODS, INC. ) | Judge Eugene Wedoff |
| ) | |
|    Debtor ) | Case No. 09-10101 |
| _____ ) | |
| ) | |
| G AND G PEPPERS, LLC ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|       vs. ) | **Adversary No. 09 A 500** |
| ) | |
| EBRO FOODS, INC. ) | |
| ) | |
|    Defendant. ) | |

## JOINT PRETRIAL STATEMENT

Pursuant to the Court's Preliminary Pretrial Order of August 4, 2009, the parties, Plaintiff G&G PEPPERS, LLC, ('G&G") and Debtor-Defendant EBRO FOODS, INC ("EBRO"), submit this Joint Pretrial Statement as required on August 20, 2009.

### PLAINTIFF'S CASE

A. Summary of Plaintiff's Contentions of Fact – Plaintiff contends that two years ago it as a PACA licensee, sold produce in interstate commerce to Defendant, who at that time was licensed by the USDA as a PACA licensee. The invoices under which Plaintiff shipped the produce contained the proper statutory language to perfect Plaintiff's claims under the PACA trust as required under §46.46(f)(3). Defendant has failed to pay G&G for the produce and is owed and due $42,920.00. Plaintiff further contends that Defendant's bankruptcy filing is evidence of its failure to maintain PACA assets freely

available to satisfy Plaintiff's claim as required under the PACA. Finally, Plaintiff contends that the fact that the produce, which it and other produce suppliers sold to Defendant, was freely incorporated and commingled into the accounts and other assets of Defendant resulting in dissipation of the PACA trust *res*. For this reason Defendant cannot meet its legal requirements to G&G and under PACA case law, all of Defendants assets are then subject to the PACA trust until G&G is fully paid.

B. Brief Statement of Each Cause of Action – Plaintiff sues for 1) breach of contract for non-payment of pre-petition invoices, 2) for breaches of the PACA trust arising out of failure to maintain trust assets readily available to pay claims and 3) for turnover of PACA trust assets on the basis that such assets are not part of the Defendant / Debtor's estate. Plaintiff also seeks attorney's fees for its action to enforce the PACA trust.

## DEFENDANT'S DEFENSE

A. Brief Statement of Each Defense

    1.    Plaintiff has not adequately pled the existence of a contract between the parties to sustain a cause of action for breach of contract. There is no written contract containing an offer, acceptance, or consideration, or any provision allowing attorney fees for violation of the alleged contract. Count I should be dismissed.

    2.    Plaintiff has not established the existence of a PACA trust requiring Defendant to maintain trust asset readily available to pay claims. Therefore, Count II should be dismissed.

    3.    Plaintiff, in its proof of claim filed under penalty of perjury, asserted that it

had an unsecured claim without priority against the Debtor. That assertion contradicts its contention that its claim is for an unsegregated trust res that is not property of the Debtor's estate. If its proof of claim is right, Plaintiff should be paid a percentage of its allowed unsecured claim from the disposable income generated by the Debtor over the life of its confirmed plan. Therefore, the Court should not enter any order requiring the Debtor to turn over alleged "trust assets" to the Plaintiff.

B. Summary of Contentions of Fact and Evidence to Support Facts

1. Prior to sending produce, Plaintiff did not enter into any written contract with Defendant. Plaintiff has not alleged any conversation in which contract provisions were agreed upon orally—because there were none. There was no oral agreement to pay attorney fees if Ebro did not pay Plaintiff's invoice.

2. Since there was no written contract, there has been no proper allegation of the foundation of a PACA trust agreement.

3. Plaintiff has stated in its proof of claim under penalty of perjury that it is an unsecured creditor of the Debtor for the same amount that is alleged in Plaintiff's complaint.

**UNCONTESTED FACTS**

1. Between October 2, 2007 and October 10, 2007, Defendant sent a fax order to Plaintiff for jalapeno peppers from Plaintiff and this product was delivered to Defendant.

2. , Plaintiff sent invoices to Defendant, setting forth the amount being charged to Defendant..

3

      3.    True and correct copies of such invoices were attached to the complaint as Exhibit "A". Defendant has not delivered to Plaintiff and did not obtain any USDA inspection certificates to Plaintiff pursuant to 7 USC §499(g) relating to the product in question.

      4.    Plaintiff brought a cause of action against Defendant with the United States Department of Agriculture claiming that the transaction between Plaintiff and Defendant was subject to PACA. Defendant did not respond to the Claim and, on or about August 8, 2008 , the United States Department of Agriculture issued a reparations award against Defendant in the matter for the invoices that are the subject of this suit.

      5.    Defendant held a PACA license, number 20051014 effective for the period July 7, 2005 to July 7, 2008,.

      6. The product sold by Plaintiff to Defendant was shipped in interstate commerce from the State of Indiana to the State of Illinois.

      7. The invoices sent by Plaintiff contained the following legend: "The perishable agricultural commodities listed on this invoices are sold subject to the statutory trust authorized by section 5(d) of the Perishable Agricultural Commodities Act, 1930 (& U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received. NOTICE: Interest shall accrue on any past-due account balance at the rate of 1.5% per month (18% per annum). Buyer agrees to pay all costs of collection, including attorneys' fees. No claim for credit or adjustments can be considered unless the problem is reported in writing to Seller within either (8) hours of receipt of the product along with

written USDA inspection results."

8. Defendant at no time sent any written notification to Plaintiff of any problem with respect to the products which are the subject of this matter.

9. The Defendant filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on March 24, 2009.

10. The Plaintiff is licensed by the USDA under PACA holding PACA license 20050683 effective for the period April 25, 2005 until April 25, 2011.

http://apps.ams.usda.gov/pacasearch/SearchDetails.aspx?License_ID=0683&License_FY=2005

11. Defendant has made requests to Plaintiff for an accommodation to pay Plaintiff the sums claimed by Plaintiff over time.

12. Although Plaintiff and Defendant in writing have made various settlement proposals to one another, they have not reached a final agreement. .

## CONTESTED FACTS

A.  Plaintiff's Statement of Contested Facts

1. Whether or not Plaintiff has failed to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities.   7 CFR 46.46.

http://apps.ams.usda.gov/pacasearch/SearchDetails.aspx?License_ID=1014&License_FY=2005.

B. Defendant's Statement of Contested Facts

1. Whether Plaintiff was incorporated under the Indiana laws governing corporations, as alleged in the complaint, or is a limited liability company under the Indiana laws governing limited liability companies, as also is alleged in the complaint.

2. Whether Plaintiff is in good standing as an Indiana corporation, as alleged in the complaint, or is a limited liability company, as is also alleged in the complaint.

3. Whether Plaintiff has been duly licensed pursuant to PACA law from 2005 through the present.

4. Whether Plaintiff was, at all relevant times, licensed by the USDA under PACA.

5. Whether Plaintiff can establish that it had a contract with Defendant to deliver peppers to Defendant.

6. Whether Plaintiff can establish that, pursuant to its alleged contract with Defendant, it would be entitled to attorney fees if Defendant breached the contract.

7. Whether Plaintiff fulfilled all of the requirements under PACA to establish a PACA trust with respect to Defendant's assets.

8. Whether Plaintiff's dealings with Defendant display any agreement between the parties affecting the time allowed by Plaintiff for Defendant to pay for the produce purchased from Plaintiff.

9. Whether Defendant was at all relevant times licensed by the USDA under PACA.

10. Whether any correspondence between the parties relating to unpaid invoices evidence an agreement allowing Defendant additional time to pay for the

6

produce purchased from Plaintiff.

11. Whether Defendant's PACA license was suspended by USDA prior to its expiration.

12. The date on which Plaintiff sent its invoices to Defendant.

## AGREED LEGAL ISSUES

1. Whether, to the extent that Defendant possesses PACA trust assets, those assets are not part of the Debtor's estate.

2. Whether the Bankruptcy Court, even if it should find that a PACA trust exists in favor of suppliers of perishable goods to the Debtor, should order the Debtor to turn over any of its assets to Plaintiff, as Plaintiff requests in Count III, before determining (a) whether other PACA claimants exist or (b) whether any creditors of the Debtor, including the United States of America, Internal Revenue Service and the Illinois Department of Revenue, have superior claims to Debtor's assets.

3. Whether and to what extent any of Defendant's assets can be identified as PACA trust assets.

## CONTESTED LEGAL ISSUES

A. Plaintiff's Statement of Contested Legal Issues

1. Whether Plaintiff is entitled to attorney's fees in the Seventh Circuit for breach of the PACA trust or under 7 USC 499g(c).

2. Whether the legal standard for establishing that any asset of Defendant is not subject to the PACA trust is stated in *In re Kornblum*, 81 F.3d 280, 287 (2nd Cir 1996). To wit, Defendant must establish either that (1) no PACA trust existed when any allegedly exempt asset was purchased or (2) even though a PACA trust existed when the asset was

7

purchased, the asset was purchased with non-trust assets or (3) although a PACA trust existed when the allegedly exempt asset was purchased and the asset was purchased with trust assets, Defendant thereafter paid all unpaid PACA trust creditors in full prior to the transactions involving Plaintiff and thereby terminating the trust with respect to such assets.

3. Which party bears the burden of tracing assets as to the PACA trust nature of such assets when the debtor deals in produce and non-trust assets. Plaintiff contends that the burden is on the Defendant, *See Sanzone-Palmisano Company v. M. Seaman Enterprises, Inc.,* 986 F.2d 1010, 1012-13 (6th Cir. 1993) and as a result it is "virtually impossible" for a PACA trust debtor to trace any asset free from a PACA trust origin.

4. Whether the findings of fact contained in the default judgment reparations award are *prima facie* evidence of their validity.

5. Whether, during the period that Plaintiff shipped the perishable agricultural commodities to Defendant, Defendant had a duty pursuant to 7 CFR 46.46 to keep PACA trust assets freely available to satisfy claims of PACA trust creditors.

6. Whether the reparations award became final and un-appealable on December 15, 2008._____.

7. Whether any lapse of Defendant's PACA license has any impact on the legal responsibilities that Defendant owed to its creditors under PACA.

8. Whether any alleged transmission of invoices after the dates of sale impact the validity of the PACA trust rights claimed by Plaintiff.

9. The evidentiary requirements for a waiver of PACA trust benefits by an alleged payment extension agreement.

10. Whether Defendant's order, Plaintiff's shipment and Defendant's acceptance of the product sufficient to constitute a contract under Article 2 of the UCC and PACA.

B. Defendant's Statement of Contested Legal Issues

1. Whether Plaintiff has pled the existence or the terms of a written contract between the parties. Defendant asserts it has not; therefore, the Court should rule in Defendant's favor on Count I for breach of contract.

2. Whether there was any written or oral contract between the parties that contains the right of one party, upon default by the other, to attorney fees. Defendant asserts there is not; therefore, the Court should rule in Defendant's favor on Count I for breach of contract.

4. Whether Defendant's current assets are subject to a PACA trust in favor of Plaintiff. Defendant asserts they are not; therefore, the Court should rule in Defendant's favor on Count II.

5. Whether other claimants, such as the IRS or the Illinois Department of Revenue or Bank of America, have claims to Debtor's current assets superior to those of Plaintiff. Defendant asserts that they do. Therefore, the Court should not grant Plaintiff's prayer for relief in Count III.

6  Whether Plaintiff in Count I of the Complaint has stated a cause of action for breach of contract. Defendant asserts it has not; therefore, the Count I should be dismissed.

7. Whether the facts set forth in Count II of the Complaint provide the basis for a finding of fact that a PACA trust exists that encumbers all the assets of the Debtor's chapter 11

estate. Defendant asserts it has not; therefore, the Court should rule in Defendant's favor on Count II.


Respectfully submitted,

FOR PLAINTIFF

/s/ Craig A. Stokes
STOKES LAW OFFICE LLP
3330 Oakwell Court, Suite 225
San Antonio, TX 78218
(210) 804-0011

And

Mary E. Gardner
MARY E. GARDNER, P.C.
P.O. Box 330
West Dundee, IL 60118
(847) 804-7222


FOR DEFENDANT

/s/ Forrest L. Ingram #3129032
Patrick F. Lambe
Helena Milman
Gautham Kaveti
Forrest L. Ingram, P.C.,
79 W Monroe Suite 900
Chicago IL, 60603
(312) 759-2838